IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthew James Hartman,	Case No. 1:18 CV 2196

    Petitioner,

v.

Medina County Sheriff's	MEMORANDUM OPINION
Office, et al.,	AND ORDER

    Respondents.

## I. INTRODUCTION

Petitioner Matthew James Hartman filed a Petition on September 24, 2018 seeking a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) while he was a prisoner[1] in the Medina County Jail. (Doc. No. 1). Respondents, including Thomas Miller, Sheriff of Medina County, and the State of Ohio, filed a Motion to Dismiss, (Doc. No. 11), and Hartman filed a reply. (Doc. No. 12). For the reasons discussed below, I deny Respondents' motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At the time he filed his Petition, Hartman was in the custody of the Medina County Sheriff as a result of a single-count indictment for aggravated burglary. (Doc. No. 1-2 at 40); (Doc. No. 11 at 3). Hartman was tried twice on the indictment, and twice convicted – once of aggravated robbery in November 2009, (Doc. No. 1-4 at 7), and once of aggravated burglary in May 2012. (Doc. No. 1-4 at 3). Both convictions were overturned on appeal. *State v. Hartman*, 2012 WL 603994 (Ohio Ct.

---

1. Petitioner was released from custody on October 5, 2018. (*See* Doc. 11-1 (journal entry)).

App.); *State v. Hartman*, 2013 WL 5532680 (Ohio Ct. App.). Hartman filed the instant Petition in September 2018 while in custody awaiting his third trial. (Doc. No. 1-2 at 21-22).

On October 2, 2018, while this Petition was pending review, Hartman was tried a third time and convicted of the lesser-included offense of trespassing. (Doc. No. 11-1 at 1). He was sentenced to time served and released. *Id.*

### III. FEDERAL HABEAS CORPUS[2]

Hartman raises four grounds for relief:

**GROUND ONE**: Violation of Double Jeopardy Clause; State tried Petitioner at Trial II on the same 5 alternative means tried in Trial I, where the jury in Trial I expressly acquitted Petitioner of 4 of the 5 alternative means. State now proposes to try Petitioner on the same one-count indictment in Trial III intending to try Petitioner on the same alternative means of which he had been previously acquitted and retried a second time.

**GROUND TWO**: Trial III judge disregarded the precedent in *State v. Daughtery*, 41 Ohio App[.] 3d 91 (1987) establishing minimum standards of conduct for prosecuting attorneys, the violation of such standards of conduct warrant the dismissal of the indictment, thus depriving Petitioner of his protections of the Fifth Amendment's Double Jeopardy Clause[.]

**GROUND THREE**: Trial II judge deprived Petitioner of a "clearly defined method by which [he] may raise claims of federal rights" provided by O.R.C[.] 2953.21 et seq., denying Petitioner's Petitions for Post-Conviction Relief contrary to statute and the Rules of Criminal Procedure, depriving Petitioner of his Fifth Amendment Double Jeopardy protections he raised in his petitions; further evidence of deliberate judicial bad faith.

**GROUND FOUR**: The State and the trial courts have engaged in an egregious pattern of judicial and prosecutorial misconduct and unlawful conduct, denying Petitioner of [sic] his Constitutional Rights accorded by the Fourth, Fifth, Sixth, and Fourteenth Amendments. Petitioner urges this Honorable Court to exercise its supervisory powers and dismiss the one-count indictment in this case, with prejudice.

(Doc. No. 1-1).

---

2. Petitioner previously filed a § 2241 petition with this Court seeking an emergency stay of his second state-court trial. *See Hartman v. Medina County Sherriff's Office, et al.*, Case No. 1:15-CV-2187 (N.D. Ohio) (Doc. No. 1). Though I was "deeply troubled by the numerous serious allegations Hartman raise[d]", I "[r]eluctantly" dismissed the Petition without prejudice, pursuant to the *Younger* abstention doctrine. *See id.* (Doc. No. 5 at 1-2).

2

In the Memorandum in Support of his Petition, Hartman requests the following relief:

1. Issue an order staying Petitioner's third trial on the same one-count Indictment exposing him to Double Jeopardy (actually triple jeopardy), pending the decision on this *Petition*;

2. Vacate and dismiss the same pending one-count Indictment, with prejudice, pursuant to the Court's authority under 28 U.S.C. §2106 and its supervisory powers;

3. Bar the State of Ohio from charging and trying Petitioner for yet a third time for any and all alleged offenses arising from the same incident alleged in the State's one-count Indictment currently pending in the Medina County Court of Common Pleas for the past nine years;

4. Order the complete and unfettered release of the Petitioner, with full return of his bond;

5. Order that Petitioner's record(s) be expunged to remove any and all references to his unlawful false arrest, unconstitutional convictions, and subsequent imprisonment in any and all local, State of Ohio, and federal databases; and

6. Provide such other and further relief as the Court deems necessary, just, and proper.

(Doc. No. 1-2 at 111-12).[3]

## IV. DISCUSSION

Respondents contend the Petition should be dismissed because Petitioner is no longer in custody and, as a result, the Petition is moot as I am unable to grant him the relief he seeks. (Doc. No. 11 at 3-4). In reply, Hartman argues Respondents mischaracterize the nature of the Petition (including his requested relief) and asserts he continues to suffer from the collateral consequences of his conviction subsequent to the filing of the Petition. (Doc. No. 12 at 8-9, 17-20).

Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies. U.S. Const. art. III, § 2. "Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a

---

3. I previously denied Hartman's Emergency Motion to Stay Trial. (Doc. No. 5).

jurisdictional question." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Lewis*, 494 U.S. at 477–78 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).

A petitioner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the sentence has expired, however, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.; see also Gentry v. Deuth*, 456 F.3d 687, 694-95 (6th Cir. 2006) ("Indeed, as we have already noted, the Supreme Court has acknowledged that it has allowed federal courts to presume the existence of collateral consequences in recent decades.") (citing *Spencer*, 523 U.S. at 8) (internal quotation omitted).

Here, there is no dispute that Hartman's sentence has expired. (Doc. No. 11-1). Thus, for his suit to survive, he must allege a continuing "concrete" injury – a "collateral consequence" of his conviction. *Spencer,* 523 U.S. at 7; *see also Sibron v. New York*, 392 U.S. 40 (1968).

Hartman sought relief under § 2241 while he was a pretrial detainee awaiting his third trial. (Doc. No. 1). Of the six points of relief he requested, four relate directly to the pendency of the trial. (Doc. No. 1-2 at 111-12 (requests for relief one through four)). Now that the trial has concluded – and Hartman was convicted – Respondents are correct that Hartman cannot receive the relief he seeks on these four items; these issues are certainly moot as I am unable to now stay the trial, dismiss the indictment, or release him.

4

Respondents' motion oversimplifies the matter, however, as it inaccurately states Hartman's only "requested relief" is a "journal entry verdict releasing him from his detention." (Doc. No. 11 at 5). As Hartman set forth in nearly 100 pages, (Doc. No. 1-2), his challenge lies not only with the pendency of a third trial, but the allegedly-unconstitutional nature of the underlying indictment – an issue which should be examined through the lens of § 2254. And, as noted, though Hartman is no longer physically "in custody", I may presume that Hartman continues to suffer collateral consequences from his conviction following an allegedly-unconstitutional indictment, keeping the lawsuit alive. *Sibron*, 392 U.S. at 55 (acknowledging "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences"); *Gentry*, 456 F.3d at 694-95.

A petition filed under § 2241 seeks "[t]he broader form of habeas relief" which "authorizes federal intervention for state prisoners who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (quoting 28 U.S.C. § 2241(c)(3)). By contrast, a petition filed under § 2254 allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Thus, "[i]nmates with final state court judgments [] must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path." *Saulsberry*, 937 F.3d at 647.

Hartman has a proper avenue for what remains – the allegation that his arrest, underlying indictment (and resulting conviction), and three trials were unconstitutional – which are properly brought in a § 2254 petition. Accordingly, I convert Hartman's § 2241 petition to a § 2254 petition. *Id.* (citing *Dominguez v. Kernan*, 906 F.3d at 1127, 1137 (9th Cir. 2018) ("Courts and commentators have recognized that, if the petition is filed by a pre-trial detainee under § 2241 who is subsequently

5

convicted, the federal court may convert the § 2241 petition to a § 2254 petition.") (internal quotation omitted)).

## V. CONCLUSION

For the reasons stated above, I deny Respondents' motion to dismiss, (Doc. No. 11), and convert the Petition to a § 2254 Petition. Respondents shall respond to the converted Petition within 30 days.

s/Jeffrey J. Helmick<br>
United States District Judge