IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthew James Hartman,	Case No. 1:18-cv-2196

        Petitioner,

v.

Medina County Sheriff's	MEMORANDUM OPINION
Office, *et al.*,	AND ORDER

        Respondents.

## I.    INTRODUCTION

Petitioner Matthew James Hartman filed a Petition on September 24, 2018, seeking a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) while he was a prisoner in the Medina County Jail, where he was in the custody of the Medina County Sheriff as a result of a single-count indictment for aggravated burglary. (Doc. Nos. 1; 1-2 at 40; 11 at 3). I denied his motion for an emergency stay of the upcoming trial, (Doc. No. 5), and Hartman was convicted of one count of criminal trespass in violation of Ohio Revised Code § 2911.21(A)(1), a fourth-degree misdemeanor. Hartman was sentenced to thirty days in jail and released after receiving credit for time served.

Respondents Thomas Miller, Sheriff of Medina County, Ohio and the Medina County, Ohio Court of Common Pleas moved to dismiss Hartman's petition as moot. (Doc. No. 11). I denied Respondents' motion based upon the presumption that Hartman continued to suffer collateral legal consequences from his conviction based upon the allegedly unconstitutional indictment and converted Hartman's § 2241 petition to a § 2254 petition. (Doc. No. 13).

Magistrate Judge David A. Ruiz reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss Hartman's petition. (Doc. No. 30). Hartman filed objections to Judge Ruiz's Report and Recommendation. (Doc. No. 32). For the reasons stated below, I overrule Hartman's objections and adopt Judge Ruiz's Report and Recommendation.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Judge Ruiz summarized the factual and procedural history of Hartman's case. (Doc. No. 30 at 3-13). Briefly, at the time he filed his Petition, Hartman was in the custody of the Medina County Sheriff as a result of a single-count indictment for aggravated burglary. (Doc. No. 1-2 at 40); (Doc. No. 11 at 3). Hartman was tried twice on the indictment, and twice convicted – once of aggravated robbery in November 2009, (Doc. No. 1-4 at 7), and once of aggravated burglary in May 2012. (Doc. No. 1-4 at 3). Both convictions were overturned on appeal. *State v. Hartman*, 2012-Ohio-745, 2012 WL 603994 (Ohio Ct. App. Feb. 27, 2012) (*Hartman I*); *State v. Hartman*, 2013-Ohio-4407, 2013 WL 5532680 (Ohio Ct. App. Oct. 7, 2013) (*Hartman II*). Hartman filed his petition in September 2018 while in custody awaiting his third trial. (Doc. No. 1-2 at 21-22).

On October 2, 2018, while his petition was pending review, Hartman was tried a third time and convicted of the lesser-included offense of trespassing. (Doc. No. 11-1 at 1). He was sentenced to time served and released. *Id.*

Hartman objects to Judge Ruiz's discussion of the factual and procedural history, arguing it "fails to comport with the uncontroverted facts and evidence Petitioner has brought forward." (Doc. No. 32 at 3). In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Hartman must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. *Id. See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the

2

state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)). He has not done so, as "the uncontroverted facts" he points to either were included in Judge Ruiz's discussion or involve statements of Hartman's interpretation of the facts in the record. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 30 at 3-13).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Hartman raises four grounds for relief:

3

> **GROUND ONE**: Violation of Double Jeopardy Clause; State tried Petitioner at Trial II on the same 5 alternative means tried in Trial I, where the jury in Trial I expressly acquitted Petitioner of 4 of the 5 alternative means. State now proposes to try Petitioner on the same one-count indictment in Trial III intending to try Petitioner on the same alternative means of which he had been previously acquitted and retried a second time.
>
> **GROUND TWO**: Trial III judge disregarded the precedent in *State v. Daughtery*, 41 Ohio App[.] 3d 91 (1987) establishing minimum standards of conduct for prosecuting attorneys, the violation of such standards of conduct warrant the dismissal of the indictment, thus depriving Petitioner of his protections of the Fifth Amendment's Double Jeopardy Clause[.]
>
> **GROUND THREE**: Trial II judge deprived Petitioner of a "clearly defined method by which [he] may raise claims of federal rights" provided by O.R.C[.] 2953.21 et seq., denying Petitioner's Petitions for Post-Conviction Relief contrary to statute and the Rules of Criminal Procedure, depriving Petitioner of his Fifth Amendment Double Jeopardy protections he raised in his petitions; further evidence of deliberate judicial bad faith.
>
> **GROUND FOUR**: The State and the trial courts have engaged in an egregious pattern of judicial and prosecutorial misconduct and unlawful conduct, denying Petitioner of [sic] his Constitutional Rights accorded by the Fourth, Fifth, Sixth, and Fourteenth Amendments. Petitioner urges this Honorable Court to exercise its supervisory powers and dismiss the one-count indictment in this case, with prejudice.

(Doc. No. 1-1).

Judge Ruiz limited his review of Hartman's grounds for relief to the issue of whether Hartman's third trial violated his Fifth and Fourteenth Amendment Double Jeopardy rights and concluded the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law.  (Doc. No. 30 at 14-30).

Hartman complains that Judge Ruiz failed to consider his arguments regarding the alleged constitutional violations occurring in his first two trials. (Doc. No. 32 at 4).  He asserts I "previously recognized that the constitutional violations in all three trials were properly before the Court." (*Id.*) (citing Doc. No. 13 at 5).  But Hartman reads too much into my earlier order.  While I wrote that Hartman could pursue his "allegation that his arrest, underlying indictment (and resulting conviction), and three trials were unconstitutional" in a § 2254 petition, (*id.*), I did so in the context

4

of converting Hartman's petition.  Section 2254 explicitly applies only to claims that a person "is <u>in custody</u> in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  Hartman's first two convictions were overturned and thus he plainly was not "in custody" pursuant to those judgments.  *See Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985) ("It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." (citing 28 U.S.C. §§ 2241(d); 2254(a), (b)).

Hartman's arguments regarding his first two trials are best summarized by his assertion that "Medina [County] has violated the law under the color of law."  (Doc. No. 32 at 32).  This argument implicates a civil rights claim under § 1983, not one for habeas relief.  *See* 42 U.S.C. § 1983 (providing a vehicle for a plaintiff to pursue a claim for "the deprivation of any rights, privileges, or immunities secured by the Constitution" by any person acting under color of state law); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (noting civil rights claims are not cognizable in habeas proceedings) (citing *Thomas v. Keohane*, 876 F.2d 895 (6th Cir. 1989) (unpublished table decision) and *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973)).

I conclude Judge Ruiz correctly focused on Hartman's third indictment and subsequent conviction.  I overrule Hartman's objection.

The Fifth Amendment prohibition against being put in jeopardy twice for the same offense applies to the States through the Fourteenth Amendment.  *See, e.g., Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) (citing *Benton v. Maryland*, 395 U.S. 784 (1969)).  "The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (citation and internal quotation marks

5

omitted). "It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart*, 488 U.S. at 38 (citing *United States v. Ball,* 163 U.S. 662 (1896)).

Judge Ruiz identified two separate Double Jeopardy theories in Hartman's petition: (1) acquitted conduct and (2) prosecutorial misconduct. As Judge Ruiz notes, the Ninth District Court of Appeals addressed and rejected both theories.

First, during his appeal of his second conviction, Hartman argued the jury in his first trial, by returning a special verdict form finding him guilty of aggravated burglary by the intent to commit disorderly conduct within the residence, "implicitly acquitted him of the other crimes the State asserted . . . [he] intended to commit in the residence." *Hartman II*, 2013 WL 5532680, at *3. The appellate court held that the jury's "determination of the means by which it concluded the offense was committed is not tantamount to reaching a separate 'verdict' to which double jeopardy attaches," and concluded "the trier [of] fact did not implicitly or explicitly acquit Mr. Hartman of the only offense for which he was indicted." *Id.*, at *4.

After Hartman's second conviction was vacated, he was indicted for a third time by a Medina County grand jury on one count of aggravated burglary. He then moved to dismiss the third indictment on double jeopardy grounds. The trial court denied the motion and Hartman filed an interlocutory appeal. *State v. Hartman*, 2017-Ohio-1089, 2017 WL 1148609 (Ohio Ct. App. March 27, 2017) (*Hartman III*). Hartman argued, in part, that permitting him to be tried a third time would violate the Double Jeopardy Clause because his case allegedly was the result of prosecutorial and judicial misconduct. *Id.*, at *2-3.

The Ninth District noted "the Double Jeopardy Clause bars retrials where bad-faith conduct by a judge or prosecutor threatens to harass a defendant by means of successive prosecutions or a declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict." *Id.*, at *3 (citing *United States v. Dinitz*, 424 U.S. 600 (1976)). But the appellate court concluded Hartman failed to show the State engaged in the type of conduct prohibited by *Dinitz*. The Ninth District also noted that Hartman was being re-prosecuted after a reversal on appeal, rather than after a mistrial declaration, and it reiterated that a successful appeal of a conviction bars subsequent prosecution on the same charge only on the ground of insufficiency of the evidence. *Hartman III*, at *3 (citing *State v. Tillman*, 695 N.E.2d 792, 798 (Ohio Ct. App. 1997)).

Judge Ruiz recommends I conclude the state court's decisions were not contrary to or an unreasonable application of federal law. Hartman did not respond or object to this specific conclusion, instead using his 38-page objections to attack alleged errors and misconduct in his first two trials. (*See* Doc. No. 32). But those two trials resulted in reversals upon appeal and, therefore, they do not qualify as "convictions" which Hartman may challenge in habeas corpus proceedings. *Carter*, 755 F.2d at 1129. Hartman fails to show the Ninth District's rejection of his Double-Jeopardy claims was contrary to or an unreasonable application of federal law. Therefore, I overrule his objections and dismiss his claim.

## V.  CONCLUSION

For the reasons stated above, I overrule Hartman's objections, (Doc. No. 32), to Judge Ruiz's Report and Recommendation, (Doc. No. 30), and adopt the Report and Recommendation in full. Hartman's habeas corpus petition is dismissed.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a

7

petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Hartman's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/Jeffrey J. Helmick
United States District Judge
